PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  4:12CV0080 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JANTZ S. CLINKSCALE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 4] |

Pending is Defendants Jantz S. and Shelia D. Clinkscale's (the "Clinkscales") Motion to

Dismiss (ECF No. 4).  The Clinkscales move the Court  pursuant to Fed. R. Civ. P. 12(b)(6) for

an order dismissing as time-barred that portion of the Complaint (ECF No. 1) that relates to the

year ending December 31, 1997.  The Court has been advised, having reviewed the record, the

parties' briefs[1] and the applicable law.  For the reasons that follow, the Court will deny the

motion.

On January 12, 2012, Plaintiff the United States of America filed its complaint alleging

that the Clinkscales failed to remit unpaid federal income taxes for tax years 1994-1997.

Plaintiff alleges that it assessed unpaid taxes for tax year 1997 on July 2, 2001.  ECF No. 1 at ¶ 7.

The Internal Revenue Code's ten-year limitation on the Internal Revenue Service's right to

collect on the assessment through levy or judicial proceeding begins at the moment the

---

[1]  The Clinkscales did not file a permissive reply memorandum.  *See* Local Rule
7.1(e).

(4:12CV0080)

assessment is made.  *See* 26 U.S.C. § 6502(a)(1).  That would mean that the complaint should

have been filed by July 2, 2011, with respect to the year 1997.  Plaintiff, however, also alleges:

> The running of the ten-year statutory period of limitations on collection of the
> unpaid liability for the period ending December 31, 1997, was suspended on two
> occasions due to the pendency of offers in compromise by the taxpayers on
> November 3, 2008 (rejected on March 16, 2009) and again on May 23, 2011, with
> the cumulative period of suspensions being no less than nine months so that the
> commencement of this action is timely with respect to the 1997 tax period. . . .

ECF No. 1 at ¶ 8.

Internal Revenue Code § 6331 provides that no levy or collection attempt may be made

during the period that an Offer-in-Compromise is pending with the Secretary and during the 30

days thereafter if the Offer is rejected and not appealed.  26 U.S.C. § 6331(k)(1).  The

Clinkscales made an Offer-in-Compromise on November 3, 2008, and it was rejected on March

16, 2009.  The Clinkscales apparently did not appeal, thus the tolling period ended on April 15,

2009—30 days after the rejection.  The period from November 3, 2008 to April 15, 2009 is the

time during which the Offer was pending plus the 30–day provision after rejection, which

amounts to a total of 163 days or a period of over five months.

The Clinkscales made a second Offer-in-Compromise on May 23, 2011.  The Clinkscales

summarily argue that the IRS rejected their second Offer-in-Compromise indicating the same

was filed for delay purposes and never accepted the same into the Offer-in-Compromise

program.  According to the Clinkscales, since they were not accepted into the

Offer-in-Compromise program for their second filing, no additional time extension is warranted.

Therefore, Plaintiff only had until December 2011 to file suit against them.  ECF No. 4 at 2.

(4:12CV0080)

The legal standard applicable to a motion to dismiss and the legal standard applicable to a motion for summary judgment are decidedly different.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint, *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010), and "all well-pled facts in the complaint must be accepted as true." *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012) (citing *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009), citing *Ashcraft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  Therefore, absent competent evidence to the contrary submitted at the summary judgment stage, both Offers-in-Compromise suspend the statute of limitations and extend the Collection Statute Expiration Date ("CSED") by at least nine (9) months, which make the complaint filed January 12, 2012 timely.

Accordingly, Defendants Jantz S. and Shelia D. Clinkscale's Motion to Dismiss (ECF No. 4) is denied.  The Clinkscales are given until January 22, 2013 to file an Answer.


IT IS SO ORDERED.


 January 10, 2013                                          */s/ Benita Y. Pearson*
Date                                                              Benita Y. Pearson
                                                                      United States District Judge